**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**JOSHUA BRENT HOLDSWORTH**,

                          Plaintiff,

v.

**NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY**,

                          Defendant.

**DECISION AND ORDER**
1:17-CV-00658-RJA

---

## INTRODUCTION

Plaintiff Joshua B. Holdsworth ("Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of a final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied his application for Disability Insurance Benefits under Title II of the Act. (Dkt. 1). The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkts. 6 and 10). The Court assumes the parties' close familiarity with the procedural history, administrative record, and all issues before the Court. The Court has carefully considered the entire record, and for the reasons set forth below, the Court **GRANTS** the Commissioner's motion and **DENIES** the Plaintiff's motion.

## DISCUSSION

This Court reviews the record to determine whether the Commissioner applied the correct legal standard and whether substantial evidence supports the Commissioner's final decision. 42 U.S.C. § 405(g). Plaintiff argues that the ALJ failed to consider Plaintiff's severe impairments in combination with one another and failed to find that Saphenofemoral venous reflux disease and depression were severe impairments; that the ALJ understated Plaintiff's symptomatic conditions of his degenerative disc disease; failed to properly consider Plaintiff's exertional and non-exertional limitations due to his

obesity; failed to incorporate limitations into the RFC related to Plaintiff's right hip osteoarthritis and right knee osteoarthritis; and erred in failing to reopen Plaintiff's prior application for disability benefits. The Court finds Plaintiff's arguments are all without merit, as the ALJ did not err as a matter of law and the decision is based on substantial evidence.

Plaintiff, born in September 1980 and 33 years old as of the expiration of his insured status (Tr. 178), previously worked as a painter, janitor, grocery stocker, and convenience store stocker. (Tr. 186-89, 197, 209, 232-239). Plaintiff achieved his GED and completed one year of college. (Tr. 43, 209). The ALJ found Plaintiff to have the following severe impairments: obesity, diabetes mellitus, degenerative disc disease, and osteoarthritis of the right hip and knee. (Tr. 19). The ALJ did not find his vascular/ varicose vein impairments, hypertension, or depression to be severe impairments under 20 C.F.R. § 404.1520(c). (Tr. 19-21).

Based on the administrative record, the ALJ found that Plaintiff had the residual functional capacity to perform less than a full range of sedentary work as defined in 20 C.F.R. § 404.1567(a), and specifically, he can:

> [L]ift and carry 10 lbs. occasionally, light items such as letters, files, or small tools frequently; sit six hours in an eight-hour workday, altering after one hour to standing 10 minutes; and stand and/or walk two hours in an eight-hour workday, altering after 30 minutes to sitting 10 minutes. However, he can work only in an environment that would allow him to be off-task for up to 10% of the workday in addition to customary breaks to allow time to elevate his feet. Further, he can: occasionally balance, stoop, kneel, crouch, crawl or climb ramps or stairs but never climb ladders, ropes or scaffolds; occasionally turn or twist the upper body at the waist; and perform work that does not involve concentrated exposure to hazards such as unprotected heights or moving machinery.

(Tr. 21).

*Plaintiff argues the ALJ should have found Plaintiff's Saphenofemoral venous reflux disease and depression to be severe impairments*

Plaintiff first argues that the ALJ erred in not considering all of Plaintiff's severe impairments in combination with one another and failed to find that Saphenofemoral

venous reflux disease and depression were severe impairments; however, Plaintiff does not offer more than the conclusory assertion that the ALJ "erroneously" determined his venous reflux disease and depression were not severe impairments and that "these conclusions are not supported by substantial medical evidence in the record. Thus both plaintiff's exertional limitations and non-exertional mental health impairments were understated and not given proper weight." (Dkt. 6 at 2). Plaintiff does not support this argument with a showing of how the record demonstrates that venous reflux disease and depression are more severe than the ALJ found. Plaintiff bore the burden of proof at step 2 to establish the severity of these impairments, *see Pulos v. Commissioner of Social Security*, 346 F. Supp.3d 352, 358 (W.D.N.Y. 2018), he failed to meet his burden, and he fails to make a showing here that the ALJ found insufficient evidence to conclude the impairments were severe.

The ALJ did find more than minimal impairments due to Plaintiff's combination of symptoms of his legs and reasonably incorporated adequate limitations in the RFC. To account for Plaintiff's leg pain and swelling, for example, the ALJ indicated in the RFC that Plaintiff would need to be off task up to ten percent of the day in addition to regularly scheduled breaks so that Plaintiff could elevate his feet. (Tr. 21). The ALJ also acknowledged that Plaintiff had mild depression, but also noted that Plaintiff did not seek treatment for his depression and further noted that he consistently denied depressive symptoms to his primary care and pain management physicians. (Tr. 19-20). Consequently, any error at step 2 regarding Plaintiff's Saphenofemoral venous reflux disease and depression was harmless because his combined impairments were all adequately accounted for in the RFC assessment.

*Plaintiff argues the ALJ discounted his symptoms of degenerative disc disease*

Plaintiff next argues that the ALJ understated Plaintiff's symptomatic conditions of his degenerative disc disease. (Dkt. 6 at 2). In support of this argument, Plaintiff lists the findings of a November 9, 2013 CT scan, provides the results of a January 27, 2009 EMG/NCV study, and lists specific testimony elicited at the hearing. (Dkt. 6 at 2-3).

First, the ALJ found degenerative disc disease to be severe and did incorporate the impairment's limiting effects into the RFC, thereby acknowledging evidence of

Plaintiff's symptoms, by indicating he could sit six hours in an eight-hour workday, altering after one hour to standing 10 minutes; and stand and/or walk two hours in an eight-hour workday, altering after 30 minutes to sitting 10 minutes. (Tr. 21).

Second, the Court notes that an ALJ "is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). In support of the ALJ's finding, even though she did find Plaintiff's degenerative disc disease to be severe and incorporated some limitations into the RFC, she noted that the record contains evidence of many instances where a physician has made note of Plaintiff's noncompliance with treatment directives, such as engaging in exercise, losing weight, and taking prescribed medications. (Tr. 24, 1095-1113, 1194-1227). The ALJ also noted that Plaintiff received only conservative treatment, such as chiropractic care and pain medication, for his back, suggesting that his reported symptoms are not as severe as alleged. (Tr. 24-25). Therefore, the Court concludes that while the ALJ's consideration of Plaintiff's testimony about the pain and other symptoms of his degenerative disc disease should have been more explicit, substantial evidence supports the ALJ's RFC determination, so any procedural error was harmless.

*Plaintiff argues the ALJ failed to properly consider his exertional and non-exertional limitations due to obesity*

Plaintiff next argues that the ALJ failed to properly consider his exertional and non-exertional limitations due to his obesity. (Dkt. 6 at 4). The ALJ must always consider a plaintiff's obesity if it is found to be a severe impairment. *See* SSR 02-1p, 2002 WL 34686281, at *7. The ALJ did consider Plaintiff's obesity and incorporated limitations brought by symptoms worsened by obesity into the RFC. (Tr. 19, 24).

While Plaintiff does not articulate any specific limitation due to his obesity that is not already accounted for in the RFC, the Court notes that the ALJ stated she considered all of Plaintiff's impairments at step three of the sequential analysis. (Tr. 21). In support of the ALJ's assessment, she gave "great weight" to the opinion of consultative examiner Dr. Abrar Siddiqui, M.D., who found only mild limitations in Plaintiff's ability to sit, stand,

climb, push, pull, or carry heavy objects, and partly attributed this mild limitation to obesity. (Tr. 24); *see Drake v. Astrue*, 443 F.App'x 653, 657 (2d Cir. 2011) ("[T]he ALJ implicitly factored [plaintiff]'s obesity into his RFC determination by relying on medical reports that repeatedly noted [] obesity and provided an overall assessment of her work-related limitations."). However, the ALJ also cited to Plaintiff's noncompliance with his prescribed diet plan and medications, which, if adhered to, would alleviate Plaintiff's symptoms. (Tr. 24) ("[t]he record shows that the claimant has been counseled on numerous occasions about the possible ramifications of his noncompliance, but he continues to choose not to take his medications."). Plaintiff's apparent reason for not adhering to his doctor's directives was because he felt as if he took too many medications and did not indicate that he was experiencing any adverse side effects. *See* (Tr. 24); *see also Price v. Colvin*, No. 1:14-CV-00756(MAT), 2017 WL 2572311 at *5 (W.D.N.Y. June 14, 2017) (internal citation omitted) ("a claimant's failure to adhere to prescribed treatment . . . [is a] relevant consideration[ ] in the assessment of credibility").

As for non-exertional limitations, the ALJ reasonably concluded that Plaintiff had none. Plaintiff refused treatment with a pain psychiatrist, suggesting that his mental symptoms were not as severe as alleged. (Tr. 20). Plaintiff's only mental health assessment, with Dr. Jessica Englert, Ph.D., was for the purpose of "assessing suitability for a nerve stimulator trial." *Id.* Dr. Englert noted that Plaintiff appeared to be overreporting his mental health symptoms and concluded that Plaintiff did not have any cognitive, behavioral, or psychological barriers for the stimulator trial. *Id.* The ALJ also noted that Plaintiff could independently take care of his personal needs, manage his finances, and drive to medical appointments. *Id.* Related to concentration, persistence, or pace, Plaintiff attended college classes and vocational training during the period of alleged disability. *Id.* Thus, the Court finds that the ALJ did not err in assessing Plaintiff's non-exertional limitations as they relate to obesity.

> *Plaintiff argues the ALJ failed to incorporate limitations into his RFC because of right hip and right knee osteoarthritis*

Plaintiff next argues the ALJ failed to incorporate limitations into the RFC relating to Plaintiff's right hip osteoarthritis and right knee osteoarthritis. (Dkt. 6 at 8). The ALJ is

5

"entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Ortiz v. Colvin*, 298 F.Supp.3d 581, 587 (W.D.N.Y. 2018) (citing *Matta v. Astrue*, 508 Fed.App'x 53, 56 (2d Cir. 2013) (summary order).

Plaintiff, again, does not provide any specific argument or any example or otherwise articulate how the RFC fails to address Plaintiff's limitations (Dkt. 6 at 8) ("[t]he medical evidence in the record as supplemented by plaintiff's testimony, meets or equals the requirements under Appendix 1 Subpart P of Part 404 §1.02(A) based on the totality of the lumbar spine, radiculopathy, severe impairment of right hip and right knee, osteoarthritis, saphenofemoral reflux and morbid obesity such that plaintiff meets the requirement of 1.00(B)(2)(b)."). The Court notes that, in weighing all the evidence, the ALJ determined that the Plaintiff's RFC is less than a full range of sedentary work and indeed incorporates Plaintiff's inability to stand or sit for prolonged periods of time. The RFC also incorporates both scheduled and additional breaks so that Plaintiff can rest his legs. And, as stated above, the ALJ gave "great weight" to the opinion of Dr. Siddiqui, who found minimal limitations in Plaintiff's use of his lower extremities. The ALJ also relied upon Plaintiff's reported activities of daily living, which support abilities in the use of his lower extremities that are greater than Plaintiff contends. The Court therefore finds that the ALJ did not err in formulating Plaintiff's RFC to account for his knee and hip osteoarthritis.

*Plaintiff argues the ALJ should have reopened his prior application for disability benefits*

Plaintiff asserts that the ALJ should have reopened his November 2011 application for Disability Insurance Benefits after the Appeals Council denied reviewing the ALJ's decision. (Dkt. 6 at 10). The ALJ indicated there was no basis to reopen the November 2011 application because Plaintiff did not file his instant application within one year of the determination former application. (Tr. 24) Additionally, the ALJ did not find good cause to reopen that application. *Id*. In addition, the Plaintiff does not assert a colorable constitutional claim. *See* 20 C.F.R. § 404.903(l) (administrative actions, such as denying a request to reopen a determination or decision, are not subject to judicial review); *see also Byram v. Barnhart*, 336 F.3d 172, 183 (2d Cir. 2003).

Plaintiff argues that any reliance on an August 2009 Functional Capacity Evaluation should be precluded because it predates the relevant period of alleged disability. (Dkt. 6 at 9). The ALJ did not give any weight to any opinion evidence prior to February 16, 2012, the administrative decision date of the former disability application. Therefore, the Court finds this argument is without merit.

## CONCLUSION

For the reasons discussed above, the Commissioner's motion for judgment on the pleadings (Dkt. 10) denying benefits is granted. The Plaintiff's motion for judgment on the pleadings (Dkt. 6) is denied. The Clerk is directed to close this matter.

**IT IS SO ORDERED.**

    *s/Richard J. Arcara*
**HONORABLE RICHARD J. ARCARA**
**UNITED STATES DISTRICT COURT**

**Dated:** June 28, 2019